NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL E. HEILBRUN, Plaintiff-Appellant, v. HEATHER VILLIANUEVA; et al., Defendants-Appellees. | No. 17-35489 D.C. No. 3:14-cv-01706-SI MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Oregon state prisoner Michael E. Heilbrun appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation,

deliberate indifference, and due process violations.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Ford v. City of Yakima*, 706 F.3d 1188, 1192

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2013) (cross-motions for summary judgment); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (exhaustion). We affirm.

The district court properly granted summary judgment on Heilbrun's claims because Heilbrun did not exhaust his administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (a prisoner must exhaust administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)).

The district court denied Heilbrun's motion for recusal because Heilbrun failed to identify any basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and bases for recusal).

The district court did not abuse its discretion by denying Heilbrun's discovery requests because Heilbrun has failed to demonstrate how the denial

2

resulted in actual and substantial prejudice to him. *See Goehring v. Brophy*, 94

F.3d 1294, 1305 (9th Cir. 1996) (challenging party must demonstrate that

discovery rulings resulted in actual and substantial prejudice to that party); *see also*

*Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) (standard of review).

We reject as meritless Heilbrun's contentions of judicial bias.

**AFFIRMED.**